UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AUTOMATED PET CARE PRODUCTS, LLC,

Plaintiff,

v.

PURLIFE BRANDS, INC. D/B/A SMARTY PEAR, A DELAWARE CORPORATION, et al.,

Defendants.

Case No.  22-cv-04261-PCP

**ORDER TRANSFERRING CASE**

Re: Dkt. No. 178, 179, 180

Plaintiff Automated Pet Care Products, LLC (Whisker) moves to enforce its settlement agreement with defendants PurLife Brands and Christopher Madeiras. Dkt. No. 178. Whisker says that defendants have failed to comply with numerous terms of the agreement. Defendants argue that Whisker's motion should be denied because their settlement agreement has a mandatory forum selection clause that requires their dispute to be adjudicated in Detroit, Michigan.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The "convenience of the parties and witnesses" favors transfer because Whisker is a Michigan business located in the Eastern District of Michigan and defendants consent to the transfer. Third Amended Complaint, Dkt. No. 115, at 2. The "interest of justice" also favors transfer because the parties' settlement agreement provides that "any disputes or claims arising under this Agreement, or related to the subject matters of this Agreement, or related to the subject matters of the Litigation

United States District Court
Northern District of California

shall be brought exclusively in the state or federal courts located in Detroit, Michigan ….." Exh. A, Dkt. 180-2, at 13. Transferring this matter to the United States District Court for the Eastern District of Michigan will not only honor the parties' contractual agreement but also ensure that all future disputes between the parties relating to this matter can be resolved in the same forum.

The Court therefore transfers this case to the U.S. District Court for the Eastern District of Michigan. Whisker's motion to enforce the settlement, Dkt. No. 178, will remain pending and will be considered by the transfer court in the first instance. The Court grants Whisker's unopposed amended administrative motion to seal information related to the confidential settlement agreement because Whisker has shown that the confidential business information delineated in its motion establishes "good cause" to seal the specific information listed in the motion. Dkt. No. 180. Whisker's earlier administrative motion to seal is denied as moot. Dkt. No. 179.

**IT IS SO ORDERED.**

Dated: February 9, 2026

P. Casey Pitts
United States District Judge

2